```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
       ROCK HILL DIVISION
```

| | |
|---|---|
| Troy J. Sholl, | ) |
| | ) |
| Plaintiff, | ) C/A No. 0:17-cv-0974-MBS |
| | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| Nancy A. Berryhill, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

## I. PROCEDURAL HISTORY

Plaintiff Troy Sholl ("Plaintiff") filed an application for disability insurance benefits ("DIB") on September 18, 2014, alleging disability beginning January 1, 2012. Tr. 205. Plaintiff later amended his alleged onset date to February 24, 2013. Tr. 231–32. Plaintiff's application was denied initially, Tr. 9, as well as on reconsideration, Tr. 101–04. A hearing was held before an Administrative Law Judge ("ALJ") on October 4, 2016. Tr. 169. The ALJ issued her decision on November 9, 2016. Tr. 9. She determined that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, the Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [Plaintiff's] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 22. Thus, the ALJ concluded that Plaintiff was not under a disability within the

meaning of the Social Security Act. Tr. 25. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on February 24, 2017, making the ALJ's decision the "final decision" of the Commissioner. Tr. 1.

On April 14, 2017, Plaintiff filed the within action. Plaintiff challenges the ALJ's decision on three grounds: (1) the ALJ reversibly erred by failing to consider or make any findings regarding the impact of Plaintiff's frequent medical treatment on his ability to sustain work activity; (2) the ALJ failed to properly evaluate Plaintiff's fatigue, sleep apnea, and other impairments contributing to his fatigue when assessing his residual functional capacity; and (3) the ALJ reversibly erred by inadequately evaluating Plaintiff's severe impairment of irritable bowel syndrome ("IBS"). ECF No 17 at 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation.

On June 14, 2018, the Magistrate Judge issued a Report and Recommendation. As to Plaintiff's first issue, the Magistrate Judge concluded that the ALJ "considered the impact of [Plaintiff's] treatment on his ability to remain gainfully employed" and that Plaintiff "failed to demonstrate that the ALJ's decision was unsupported by substantial evidence." ECF No. 25 at 6, 9. As to Plaintiff's second issue, the Magistrate Judge concluded that the "ALJ's decision reflects specific consideration of [Plaintiff's] fatigue and sleep apnea," and that the ALJ determined "there is no evidence to support a finding that [Plaintiff's] fatigue and sleep apnea have more than a minimal effect on [Plaintiff's] ability to perform work related activities." *Id.* at 10–11. As to Plaintiff's third issue, the Magistrate Judge concluded that the ALJ "did consider [Plaintiff's] IBS in formulating his residual functional capacity, and explained her reasons for discounting some of [Plaintiff's] allegations." *Id.* at 12. Accordingly, the Magistrate Judge recommended that the Commissioner's decision to deny benefits be affirmed. Plaintiff filed one objection to the Report

2

on June 28, 2018, ECF No. 26, to which the Commissioner responded on July 10, 2018. ECF No. 27.

This matter is now before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28. U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III. DISCUSSION

Plaintiff was born on December 28, 1959 and was fifty-three (53) years old on his amended alleged disability onset date. Tr. 205, 232. He completed four or more years of college and has past relevant work experience as a counselor and an IRS negotiator. Tr. 233. Plaintiff alleges disability due to fibromyalgia; irritable bowel syndrome; colitis; diverticulosis; obstructive sleep apnea; insomnia; chronic fatigue; depression; coronary artery disease; gout; pruritus ani; eczema; psoriasis; and pollen, dust, and food allergies. Tr. 231.

Plaintiff alleges in his objection that the Magistrate Judge erred in her determination that the ALJ properly considered the extent to which Plaintiff's frequent medical treatment interfered with his ability to sustain work. ECF No. 26 at 1. Plaintiff further contends that the Report does not explain how the ALJ's rationale is reasonable and sustainable, or how the arguments presented by Plaintiff on the matter were incorrect. *Id.* at 2. According to Plaintiff, the ALJ did not attempt to consider "how Plaintiff could have kept up with a full-time workload on a sustained basis given both his impairments and treatment appointments." *Id.* at 4. Citing to numerous documents in the record evidencing treatment appointments, *see id.* at n.2, Plaintiff asserts that the ALJ's finding that Plaintiff could return to his past relevant work is not based on substantial evidence. *Id.* at 6.

Plaintiff underwent more than 60 dermatological phototherapy treatments for his eczema between June 2015 and July 2016, *see* ECF No. 26 at n.2. Plaintiff's phototherapy treatment seems to be the main treatment Plaintiff claims will affect his ability to sustain gainful employment. Based

4

on her review of the record, the ALJ concluded that "claimant's eczema has resolved almost completely with phototherapy" and that Plaintiff's eczema "is found to be a nonsevere impairment." Tr. 16. Furthermore, despite Plaintiff's claim that his level of absenteeism, "which would include approximately six hours of missed time daily for phototherapy alone," ECF No. 26, 3-4, would impair his ability to be substantially employed, over half of the documents evidencing the phototherapy appointments state that the actual treatment time ranged from 4-8 minutes.[1] While the court is aware that the treatment time does not include waiting room time, the court finds that ALJ considered the entire record, and that her finding that treatment would not result in absenteeism effecting Plaintiff's ability to sustain gainful employment was supported by substantial evidence.

Plaintiff also relies on a footnote in *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), to support his assertion that the Magistrate Judge erred in affirming the ALJ's decision. ECF No. 26 at 6. In *Meyer,* the Fourth Circuit Court of Appeals explained, "we further instruct the Commissioner on remand to 'consider the effect of [this] ongoing treatment on [Meyer's] ability to remain gainfully employed during the period of claimed disability." *Meyer,* 662 F.3d at 707 n.3. As the Magistrate Judge properly noted, however, Plaintiff's case is distinguishable from the plaintiff's case in *Meyer*. *See* ECF No. 25 at 6. In *Meyer,* the ALJ had made no findings with respect to the issue of ongoing treatment and the plaintiff's ability to remain gainfully employed. *Meyer*, 662 F.3d at 707 n.3. The Magistrate Judge explained that, in the present case, "it is clear that the ALJ . . . considered the impact of [Plaintiff's] treatment on his ability to remain gainfully employed . . . [because] the ALJ extensively questioned the vocational expert about this very issue." ECF No. 25 at 6. The court agrees.

---

[1] Tr. 840–41. 843–46, 862–63, 874–76, 883, 885–86, 891–93, 895, 897, 899, 907–10, 924, 935, 943, 945, 947, 949, 958, 962, 964, 966, 977, 979, 983, 987, 989, 1004, 1021.

5

Plaintiff further contends that the ALJ's decision regarding the impact of Plaintiff's medical treatment was based on an unreasonable and erroneous interpretation of the testimony from the vocation expert ("VE"). ECF No. 26 at 2. Specifically, Plaintiff alleges that the ALJ misstated the VE's testimony "in order to find [Plaintiff] not disabled." Both the ALJ and Plaintiff's counsel posed hypotheticals to the VE regarding absenteeism, for which the VE provided answers. Tr. 59–62. The ALJ explained in her decision:

> I note that the claimant's representative posed additional limitations to the vocational expert. For the reasons discussed in this decision, I do not find the additional limitations suggested by the claimant's representative to the vocational expert to be supported by the evidence of record or appropriate in evaluating the claimant's disability. The record as a whole indicates that the claimant is capable of work activities within the residual function capacity in this decision. I note that the representative asked the vocational expert if a hypothetical person missed two or more days for any reason, including doctor's appointments, would that individual he able to keep his or her employment. Regarding doctor's appointments/treatment, I clarified the question by asking the vocational expert to consider such circumstances as being able to arrive late at work, leave early, the effect of a doctor's written excuse, and whether these would necessarily be counted as an entire "missed day of work" for purposes of absenteeism. The vocational expert testified that customarily, in her experience, a worker would not be charged an entire day if the worker had to arrive late or leave early. Additionally, the vocational expert testified that a skilled worker is generally allowed more flexibility than an unskilled worker is allowed.

Tr. 26; ECF No. 25 at 8–9.

Despite Plaintiff's contention that the ALJ failed "to engage in logical or accurate evaluation of whether [Plaintiff] could have sustained full-time work under the circumstance," ECF No. 26 at 6–7, the court finds that the Magistrate Judge properly concluded that the ALJ accounted for absenteeism and that her decision was supported by substantial evidence. *See id.* at 9. Plaintiff's objection is without merit.

## IV.  CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and

recommendations of the Magistrate Judge, and Plaintiff's objection, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

    **IT IS SO ORDERED.**

    /s/ Margaret B. Seymour
    Senior United States District Judge

August 23, 2018

Columbia, South Carolina